FILED

2003 OCT 20  P 12: 27

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MAY DEPARTMENT STORE COMPANY, *PLAINTIFF* | CIVIL ACTION NO: 300-CV-2449-AHN |
| V. | |
| NEWFIELD CONSTRUCTION COMPANY, INC. *DEFENDANT/THIRD PARTY PLAINTIFF* | |
| V. | |
| INTERSTATE WELDING AND MECHANICAL CO., INC., *THIRD PARTY DEFENDANT/ FOURTH PARTY PLAINTIFF* | OCTOBER 16, 2003 |
| V. | |
| NORTHERN WINDUSTRIAL CO., and GEM SPRINKLER MANUFACTORING CO., *FOURTH PARTY DEFENDANTS* | |
| and | |
| ADT SECURITY SYSTEMS *APPORTIONMENT DEFENDANT* | |

## DEFENDANT, GEM SPRINKLER MANUFACTORING CO.'S MOTION TO PRECLUDE FOURTH PARTY PLAINTIFF INTERSTATE WELDING AND MECHANICAL CO.'S EXPERT WITNESS

The fourth-party defendant, Gem Sprinkler Manufacturing Co., ("Gem Sprinkler") hereby moves to preclude fourth party plaintiff Interstate Welding and Mechanical Co.'s ("Interstate") expert, Wilson G. Dobson PE, from testifying on the grounds that Interstate has failed to disclose Mr. Dobson as an expert within the discovery deadlines agreed to by all parties and approved by this Court, and then produced a supplemental report some 18

months after the deadline for producing reports. In the alternative, the undersigned defendant moves to preclude Mr. Dobson's testimony on materials contained in the supplemental report.

On February 28, 2002, the court endorsed stipulated amended discovery plan (copy attached), that set specific deadlines for the disclosure of expert witnesses and for completing all discovery. The scheduling order required all third-party defendants, which included Interstate, to serve on the other parties copies of reports of any proposed expert witness by February, 22, 2002. Depositions of all expert witnesses were required to be completed by April 30, 2002.

On September 21, 2001, Interstate identified in the plaintiff's first set of interrogatories Mr. Dobson as an expert it intended to call as a witness at the time of trial. Along with this identification, Interstate attached a report dated January 4, 2000 discussing Mr. Dobson's opinion as to what caused the sprinkler head to activate. He stated that he could not find any evidence "that the sprinkler head had been subjected to any kind of mechanical damage either that could have caused it to be weakened and prone to delayed failure, or damaged at the moment of release. There was no evidence that the sprinkler head had been damaged during installation." (See Interstate's Disclosure of Expert Witness dated September 15, 2003, Exhibit A)

Relying on this September 21, 2001 response to the plaintiff's first set of interrogatories, and the disclosure of no additional expert reports, Gem Sprinkler chose not

to depose Mr. Dobson. However, on September 15, 2003, Interstate disclosed Mr. Dobson as an expert witness pursuant to Fed. R. Civ. P. 26(a)(2), **18 months after** the deadline had passed. Furthermore, the disclosure **included a supplemental report** from Mr. Dobson stating an opinion for the first time against the sprinkler manufacturer. More specifically, this supplemental report stated that: "It is well established in the sprinkler industry that pre-operation does occur, and that quick response sprinklers are more delicate and more prone to pre-operation than fusible link style or non-quick response sprinklers." In sum, this report stated the following points: that spontaneous failure of sprinklers, though rare, can occur, and absent any evidence of mechanical damage, it is reasonable to believe that the sprinkler in question falls into that category; that the only evidence of unusual mechanical damage is a nick in the disk, which seals the sprinkler, but the nick would not have affected the functionality of the sprinkler; and that quick response sprinklers are more delicate and more prone to pre-operation failure than fusible link styles of sprinklers. This report, for the first time, raises various issues regarding the sprinkler industry, which arguably relates to the fourth-party Defendant, Gem Sprinkler.

Furthermore, the supplemental report by Mr. Dobson was addressed to Interstate's counsel and dated April 19, 2002, meaning Interstate had this report in its possession for 17 months before disclosing Mr. Dobson as an expert or disclosing this report. There can be no, nor has Interstate offered, reasonable justification for such a delay.

Gem Sprinkler respectfully requests that this Court preclude Mr. Dobson from testifying as an expert witness. Permitting him to do so would re-open discovery, thus

## CERTIFICATION PAGE

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, on this 16th day of October, 2003 to all counsel of record.

Constance L. Epstein
Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
Hartford, CT 06106

Andrew Turret, Esq.
The Law Offices of Robert Brennan
265 Church Street, Suite 802
New Haven, CT 06510-7014

Stuart G. Blackburn, Esq.
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096-0608

Mark T. Mullen, Esq.
Cozen & O'Connor
The Atrium – Third Floor
1900 Market Street
Philadelphia, PA 19103

Paul Pieczak, Esq.
L.O. of Chris Powderly
9 Farm Spring Road
Farmington, CT 06032

John Pezzillo, Esq.
Ryan, Ryan, Johnson & DeLuca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

Matthew G. Conway

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE MAY DEPARTMENT STORE COMPANY : <br> *PLAINTIFF* : <br> : <br> vs. : <br> : <br> NEWFIELD CONSTRUCTION COMPANY, INC. : <br> *DEFENDANT / THIRD PARTY PLAINTIFF* : <br> : <br> vs. : <br> : <br> INTERSTATE WELDING AND : <br> MECHANICAL CO., INC. : <br> *THIRD PARTY DEFENDANT /* : <br> *FOURTH PARTY PLAINTIFF* : <br> : <br> vs. : <br> : <br> : <br> GEM SPRINKLER MANUFACTURING : <br> CO., ET AL : <br> *FOURTH PARTY DEFENDANTS/* : <br> *APPORTIONMENT DEFENDANTS* : | CIVIL ACTION NO. <br> 300-CV-2449 AHN <br><br><br><br><br> **JURY TRIAL DEMANDED** <br><br><br><br><br><br><br><br><br><br> February 6, 2002 |

**STIPULATION TO AMEND DISCOVERY PLAN**

Plaintiff, May Department Store Company, by and through its counsel, Mark T. Mullen, Esq. and James P. Cullen, Jr., Esq. of Cozen O'Connor, and defendant, Newfield Construction Company, Inc., by and through its counsel, Lewis S. Lerman, Esq., Third Party Defendant, Interstate Welding and Mechanical Co., Inc., by and through its counsel, Kevin Tepas, Esq. of Ryan, Ryan, Johnson & Deluca, Fourth-Party Defendants, Gem Sprinkler Manufacturing Co., and Apportionment-Defendant, ADT Security Services, Inc., by and through their counsel, Matthew G. Conway, Esq. of Danaher, Tedford, Lagnese & Neal, P.C.,

and Northern Windustrial Co., by and through its counsel, Andrew S. Turret, Esq., of the Law Offices of Robert M. Brennan, hereby stipulate:

1. All fact discovery is to be completed by ~~March 15~~ April 30, 2002;

2. Plaintiff shall serve on defendant copies of the reports of any proposed expert witnesses by October 15, 2002;

3. Defendant shall serve on plaintiff and third-party defendant copies of the reports of any proposed expert witnesses by November 15, 2002;

4. Third-party defendant shall serve on all parties copies of the reports of any proposed expert witnesses by February 22, 2002;

5. Fourth-party defendants shall serve on all parties copies of the reports of any proposed expert witnesses by March 22, 2002;

6. All dispositive motions must be filed by May 31, 2002;

7. Depositions of expert witnesses shall be completed by April 30, 2002.

_____
MARK T. MULLEN, ESQ.
JAMES P. CULLEN, JR., ESQ.
Cozen & O'Connor
The Atrium - Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4102
Federal Bar No: ct12203
Attorneys for Plaintiffs

_____
KEVIN TEPAS, ESQ.
Ryan, Ryan, Johnson & Deluca
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905
(203) 357-9200
Federal Bar No: ct05552
Attorney for Third-Party Defendant
Interstate Welding & Mechanical, Inc.

2

_____
ANDREW S. TURRET, ESQ.
Law Offices of Robert M. Brennan
265 Church Street, Suite 802
New Haven, CT 06510
(203) 624-9165
Federal Bar No: ct07962
Attorneys for Fourth-Party
Defendant Northern Windustrial Co.

_____
MATTHEW G. CONWAY, ESQ
Danaher, Tedford, Lagnese & Neal
21 Oak Street
Hartford, CT 06106
(860) 247-3666
Federal Bar No: ct09612
Attorney for Fourth-Party
Defendants Gem Sprinkler
Manufacturing Co., et al.

_____
LEWIS S. LERMAN, ESQ
PAUL PIESZAK, ESQ.
8 Wright Street
Westport, CT 06880
(203) 341-0779
Federal Bar No: ctOS 500
Attorneys for Defendant and
Third-Party Plaintiff Newfield
Construction Co., Inc.

2/28/02
SO ORDERED BY THE COURT

_____
ALAN H. NEVAS, U.S.D.J.

I:\PROCASES\MAYDEPT\PLE\AmendDisc

3